IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARC JACOBS TRADEMARKS, LLC AND MARC JACOBS INTERNATIONAL, LLC, <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>ZHENHONG666, <br><br>　　　　　Defendant. | Case No. 25-cv-13948 <br><br>**Judge John Robert Blakey** <br><br>**Magistrate Judge Gabriel A. Fuentes** |

**PLAINTIFFS' RESPONSE TO ORDER [17]**

　　Plaintiffs Marc Jacobs Trademarks, LLC and Marc Jacobs International, LLC (together, "Plaintiffs") respond to the Court's Order [17].  Plaintiffs acted to fulfill their duty to police their intellectual property[1] while complying with each Court's discretionary views on joinder.  These actions are proper and in compliance with the Federal Rules of Civil Procedure.

### I.　　PLAINTIFFS' COMPLAINT ESTABLISHES JOINDER IS PROPER

　　The Court claims that Plaintiffs' amendment of prior Complaints to reduce the initial number of defendants to one store "suggests that Plaintiff [sic] lacks a good faith factual and legal basis to join the defendants in a single proceeding."  [17].  For the below reasons, joinder of the original group of Defendants was proper.  *See Bose Corp. v. P'ships, et al.*, 334 F.R.D. 511, 517 (N.D. Ill. 2020) (Durkin, J.); *see Neman Bros. & Assocs., Inc. v. P'ships, et al.*, 2024 U.S. Dist.

---

[1] "The owner of a trademark has a duty to ensure the consistency of the trademarked good or service. If he does not fulfill this duty, he forfeits the trademark*." Gorenstein Enters. v. Quality Care-USA, Inc*., 874 F.2d 431, 435 (7th Cir. 1989); *Lawn Managers, Inc. v. Progressive Lawn Managers, Inc*., 959 F.3d 903, 908 (8th Cir. 2020) ("As a general matter, trademark owners have a duty to control the quality of their trademarks.") (quoting *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 515 (9th Cir. 2010)).

LEXIS 223383, at *10-11 (N.D. Ill. Dec. 10, 2024) (Tharp, J.); *see Merch Traffic, LLC v. The Partnerships, et al.*, No. 25-cv-01180 (N.D. Ill. Apr. 17, 2025). No. 36 (Kendall, J.) (unpublished).

**A.      Joinder Under Fed. R. Civ. P. 20 is Proper**

Joinder under Rule 20 is a procedural "device centrally concerned with the economies of aggregating small claims" meant to "enable economies in litigation." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). It has no effect on substantive rights, *McGilvray v. Powell 700 N.*, 186 F.2d 909, 911 (7th Cir. 1951), and must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."). Rule 20 provides that "Defendants ... may be joined in one action as defendants if: (A) any right to relief is asserted against them ... with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Courts have applied this "same transaction or occurrence" requirement using a case-by-case approach based on a flexible standard. This promotes judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20. *Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) ("Accordingly, all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence."). "The purpose behind the [logical relationship test] is judicial economy; to avoid a multiplicity of actions by resolving in a single lawsuit all disputes that ensue from a common factual background." *In re*

*Price*, 42 F.3d 1068, 1073 (7th Cir. 1994). "But '[a]bsolute identity of all events is unnecessary' for joinder." *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021).

Rule 20 also does not define "occurrence" and courts have not considered the meaning of "occurrence" apart from the meaning of "transaction." *Bose*, 334 F.R.D. at 516. However, "canons of construction ordinarily suggest that terms connected by a disjunctive . . . be given separate meanings," and the dictionary definitions suggest that "occurrence" is much broader than "transaction." *Id*. An "occurrence" is defined as something that simply happens or appears, and is not necessarily the product of joint or coordinated action. *Id*. Without an objective basis to define occurrence or series of occurrences, "the proper analysis is an investigation of the fairest and most efficient way for a plaintiff to seek relief for the harm they have alleged." *Id.* at 513; *see also* Order at 6-7, *Milwaukee Electric Tool Corporation v. The Individuals, et al.*, No. 24-cv-12487 (N.D. Ill. May 28, 2025), No. 156 (Kocoras, J.) (unpublished).

Joinder of Defendants is proper because Rule 20's inclusion of "occurrence" allows Plaintiffs to join defendants who participate in reasonably related unlawful occurrences in a single case. *Bose Corp.*, 334 F.R.D. at 517; *see also* Order at 2, *Your True Nature, Inc. v. The Individuals, et al.*, No. 24-cv-11162 (N.D. Ill. July 10, 2025), No. 173 (Bucklo, J.) (unpublished). The well-pleaded allegations in Plaintiffs' Complaint establish a *prima facie* case that Defendants are working in a similar manner and during the same time period to sell unauthorized products, as part of the same "occurrence" or "series of ... occurrences" of mass harm, *i.e.*, the swarm of all Defendants attacking Plaintiffs' federally registered trademarks at once. *Id*. at 516; *cf. Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 166 (E.D. Mich.) (citing *United States v. Mississippi*, 380 U.S. 128, 142, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965)). Specifically, Plaintiffs pled that Defendants are collectively causing harm to Plaintiffs' goodwill and reputation because the

3

effect of their unlawful actions taken together amplifies each harm and creates a single negative consumer impression. *See* [1] at ¶ 27. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. *See id*; *see Bose Corp. v. The P'ships, et al.*, 334 F.R.D. 511, 517 (N.D. Ill. 2020) ("Rather, it is the injuries in the aggregate—the swarm—that is harmful and from which Bose seeks shelter. From Bose's perspective, filing individual causes of action against each counterfeiter ignores the form of harm it faces. Seeking relief against each member of the swarm one by one defies common sense, because it is the swarm—the fact that all Defendants are attacking at once—that is the defining aspect of the harm from which Bose seeks relief.").

"This common, surreptitious conduct is the 'defining aspect of the harm' alleged by [Plaintiff] and creates a logical relationship among the parties and claims in the case." *Neman Bros.*, 2024 U.S. Dist. LEXIS 223383, at *10-11; *see also* Order at 2, *Zou v. The Entities, et al.*, No. 23-cv-16600 (N.D. Ill. Mar. 8, 2024), No. 60 (Kendall, J.) (unpublished) ("Taking [Plaintiff's] allegations as true, there is a clear logical relationship between Defendants' actions, as each Defendant copied [Plaintiff's] work, manufactured counterfeit versions, and set up online stores to sell the counterfeits under a cloak of anonymity.").

**B.    Joinder Is Necessary to Allow Brand Owners to Combat Unique Problem of Online Counterfeiting**

It is necessary to join Defendants to combat the unique problem of offshore Internet-based counterfeiters who exploit the anonymity and mass reach afforded by the Internet, as well as the cover afforded by international borders. Plaintiffs must enforce their rights, since "[trademark] law imposes on trademark owners the duty to be pro-active and to police the relevant market for infringers." 1 McCarthy on Trademarks and Unfair Competition § 11:91 (5th ed.); *see Gorenstein*,

4

874 F.2d at 435. The Seventh Circuit has long recognized that "the sale of counterfeit merchandise has become endemic—perhaps pandemic" and when one seller is stopped, a new seller will "spring up, and would continue infringing until enjoined." *Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 588 (7th Cir. 1989). Above all, "[t]he trial court's primary function is to make violations of the Lanham Act unprofitable to the infringing party." *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 744 (7th Cir. 1985).

Permitting joinder "provides [Plaintiffs] with a meaningful chance at relief while minimizing the burden on the Court's docket." *Merch Traffic, LLC*, No. 25-cv-01180 (ECF No. 36). Moreover, "[t]he purpose of the joinder doctrine is to conserve judicial resources, reduce redundancy, and to save costs." Order at 7, *Milwaukee Electric Tool*, No. 24-cv-12487, No. 156.

Further, Rule 20 does not require that Defendants be interrelated, acting in concert or part of a conspiracy. *See Patrick Collins*, 282 F.R.D. at 166. When Congress has limited joinder of defendants under Rule 20, it has expressly enacted requirements for where those limitations apply. For example, in 2012, the Leahy-Smith America Invents Act,[2] among other things, limited joinder of defendants in patent infringement cases to those "offering for sale, or selling . . . the same accused product or process." *See* 35 U.S.C. § 299(a)(1). If Congress had intended to prohibit brand owners from bringing trademark infringement actions against logically related groups of defendants, it would have done so. *See Romag Fasteners, Inc. v. Fossil Grp., Inc.*, 140 S. Ct. 1492, 1495 (2020) ("Nor does this Court usually read into statutes words that aren't there.").

Defendants do not face any prejudice or delay from being joined at this stage. Order at 2, *Zou*, No. 23-cv-16600, No. 60 ("In addition to the two requirements of Rule 20(a)(2), the Court

---

[2] The Leahy-Smith America Invents Act also adds limitations on venue for bringing a patent infringement action.

5

also considers whether joinder would prejudice any party or result in needless delay."); *Neman Bros. & Assocs.* 2024 U.S. Dist. LEXIS 223383, at *11 ("[defendant] also does not point to any prejudice or expense it will incur if joinder is permitted, nor does the Court see any."); Order at 2, *Neman Bros. & Assocs.*, No. 24-cv-05666, No. 112 ("The Court also cannot see any prejudice or expense the defendants will incur if joinder is permitted, particularly in the nascent stages of this action."). Accordingly, "[d]iscretionary joinder [is] the best path forward." *Merch Traffic, LLC*, No. 25-cv-01180 (ECF No. 36).

The majority of Courts in this District have found joinder to be proper in thousands of similar cases dating back to at least 2011.[3] Many Courts still do. *See, e.g., Merch Traffic, LLC*, No. 25-cv-01180 (ECF No. 36). Despite no change to the Federal Rules or Seventh Circuit precedent, Courts in this District that previously permitted joinder under the same facts have changed course. *Compare General Motors LLC v. The P'ships, et al.*, 24-cv-04424 (May 29, 2024), No. 1 *with General Motors LLC v. The P'ships, et al.*, 24-cv-07460 (Aug. 20, 2024), No. 1; *see General Motors LLC v. The P'ships, et al.*, 24-cv-07460 (Aug. 20, 2024), No. 22. Regardless, Plaintiffs are not required to file a new lawsuit based on the most restrictive discretionary views on joinder when it is not prohibited by the Federal Rules of Civil Procedure or a precedential Seventh Circuit decision.

## II. PLAINTIFFS' COMPLIANCE WITH COURTS' PRIOR RULINGS AND ORDERS IS PROPER

Joinder is a matter of discretion for District Courts. *See Richards v. Eli Lilly & Co.*, 149 F.4th 901, 916 (7th Cir. 2025) ("[A]n issue of joinder or consolidation, [is a matter] of case management.") (Hamilton, J., concurring in-part). As discussed above, Plaintiffs' well-pleaded

---

[3] Attached as **Exhibit 1** is a chart identifying factually similar cases that joined a large set of defendants which were allowed to proceed by that Court.

Complaint establishes there is a factual and legal basis for joining the initial set of defendants pursuant to Rule 20(a)(2). That said, the Seventh Circuit has stated that "[a] district court may, in its discretion, deny joinder even if the Rule 20(a)(2) requirements are met." *Dorsey v. Varga*, 55 F.4th 1094, 1103 (7th Cir. 2022) (citing *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018)).

Even if Plaintiffs believe it has satisfied the requirements of Rule 20(a)(2), Plaintiffs comply with various Courts' discretionary views on joinder since it is unlikely Plaintiffs can prove the Courts abused their discretion. *See Dean v. City of Chi.*, 2009 U.S. Dist. LEXIS 78443, at *6-8 (N.D. Ill. Aug. 31, 2009) ("In addition, given the deferential standard of appellate review, the court's determination in *Thompson* that denial of joinder was not an abuse of discretion does not mean that denial of joinder was the only correct choice.").

### A. The Prior Courts' Discretionary Views on Joinder

All Defendants were originally named in Northern District of Illinois Case Nos. 25-cv-13498, 25-cv-13628, and 25-cv-13792 (the "Prior Cases"). Based on previous rulings, those Courts' discretionary case management procedures do not permit Plaintiffs to join multiple internet stores unless Plaintiffs can establish at the pleading stage, pre-discovery, that those stores are commonly owned or interrelated (*i.e.*, a single defendant). Plaintiffs, based on those Courts' previous rulings, standing orders, or both, filed amended complaints against a single store in each and filed a new case with the dropped claims. Plaintiffs disclosed all Prior Cases as related cases on the civil cover sheets.

Specifically, Case No. 25-cv-13498 was assigned to the Honorable Sara L. Ellis. Based on the Court's rulings, the Court's discretionary interpretation of permissive joinder rules requires that plaintiffs show that storefronts operating under seller aliases are in active concert, interrelated, or directly coordinating with each other. *See Roadget Bus. PTE. Ltd. v. Individuals,* No. 23 C

7

17036, 2024 U.S. Dist. LEXIS 77461, at *15-20 (N.D. Ill. Apr. 29, 2024).  If this showing cannot be made, the Court directs the plaintiff to file an amended complaint with a subset of defendants. *Bounce Curl, LLC v. The P'ships, et al*., 24-cv-11425 (N.D. Ill. Nov. 5, 2024), No. 24.  Plaintiffs filed an amended complaint against a single store.

Case No. 25-cv-13628 was filed with the dropped claims from Case No. 25-cv-13498 and designated Case No. 25-cv-13498 as a related case.  *See* [5].  Case No. 25-cv-13628 was assigned to the Honorable Joan B. Gottschall, who also does not permit joinder without establishing that the storefronts are in active concert, interrelated, or coordinating.  *See Bailie v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 734 F. Supp. 3d 798, 802-04 (N.D. Ill. 2024); *see Marc Jacobs Trademarks, LLC, et al., v. The P'ships, et al*., 25-cv-13628 (Nov. 6, 2025), No. 16.  Plaintiffs again filed an amended complaint against a single store.

Case No. 25-cv-13792 was filed with the dropped claims from Case No. 25-cv-13628 and again designated Case Nos. 25-cv-13628 and 25-cv-13498 as related cases.  *See* [5].  Case No. 25-cv-13792 was assigned to the Honorable LaShonda A. Hunt.  That Court also does not permit joinder without establishing that the storefronts are in active concert, interrelated, or coordinating. *See Luxottica Group S.p.A., et al. v. The P'ships, et al*., 23-cv-04829 (N.D. Ill. July 25, 2023), No. 23.  If this showing cannot be made, the Court grants leave to file an amended complaint with a subset of defendants.  *See id*.  Plaintiffs again filed an amended complaint against a single store.

The Courts in the Prior Cases imposed judicially created limitations on permissive joinder that are not supported by the plain language of Rule 20, or its underlying rationales.  The Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, and "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.  While

8

some of the Seller Aliases are likely in active concert, interrelated, or coordinating with each other, it is generally impossible to establish this pre-discovery.

### B. This Court's Discretionary Views on Joinder

This case was filed with the dropped claims against a subset of defendants from Case No. 25-cv-13792. All of the Prior Cases were designated as related cases on the civil cover sheet for this action. [5]. Plaintiffs filed the Amended Complaint in this case because Plaintiffs are aware of this Court's views on joinder. *See e.g.*, Order, *BR, Inc. v. The P'ships, et al.*, No. 25-cv-08625 (N.D. Ill. Aug. 6, 2025), No. 13; Order, *Advance Magazine Publishers, Inc. v. The P'ships, et al.*, No. 25-cv-00890 (N.D. Ill. Jan. 26, 2025), No. 23; Order, *Benjamin Haith Intellectual Property LLC* v. *The P'ships, et al.*, No. 24-cv-09792 (N.D. Ill. Nov. 27, 2024), No. 25.

As discussed above, courts have discretion to deny joinder even if it is proper under Rule 20(a)(2). *Dorsey*, 55 F.4th 1094, 1103 (7th Cir. 2022) (citation omitted). Even with identical facts, courts have discretion to apply different case management procedures on joinder. The Courts presiding over the Prior Cases, and this Court, have their own views on joinder. However, another Court can come to a different conclusion. *See Dean v. City of Chi.*, 2009 U.S. Dist. LEXIS 78443, at *6-8 (N.D. Ill. Aug. 31, 2009).

### III. IT IS NOT AN ABUSE OF PROCESS TO AMEND THE COMPLAINTS IN PRIOR CASES AND FILE AS NEW CASES

It is not an abuse of process to initially join a set of defendants, amend the Complaint to one defendant, and file a new case to comply with various Courts' discretionary case management practices. *See Richards*, 149 F.4th t 916 (7th Cir. 2025) (Hamilton, J., concurring in-part). Since Plaintiffs are obliged to move forward their trademark infringement claims against defendants,[4]

---

[4] *See* n.1.

9

Plaintiffs need to amend the Complaint to one defendant and file a new case with the dropped claims when assigned a judge with restrictive joinder case management procedures. This does not mean that Plaintiffs agree that joinder is improper against that same set of defendants, since other Courts can and do reach different conclusions. *See Dean v. City of Chi.*, 2009 U.S. Dist. LEXIS 78443, at *6-8 (N.D. Ill. Aug. 31, 2009) ("[G]iven the deferential standard of appellate review, the court's determination in *Thompson* that denial of joinder was not an abuse of discretion does not mean that denial of joinder was the only correct choice.").

To move forward with their claims in compliance with the Federal Rules and Local Rules, Courts have directed plaintiffs in similar circumstances to amend the Complaint to a single store and file a new case with the dropped claims and designate the original case as a related case,[5] which is what Plaintiffs have done in this case. *See* Order, *Tales.com, Inc. v. The P'ships Identified on Schedule A*, No. 25-cv-02970 (N.D. Ill. May 29, 2025), No. 58 (Jenkins, J.) ("When Plaintiff filed a lawsuit in March 2025, it was assigned Case No. 25-cv-2707, and the judge assigned to that case ordered that the case could only proceed against a smaller subset of defendants. Plaintiff amended that complaint, and also filed a new action against the previously dismissed defendants in this case. This posture was disclosed to this court in the filing at docket entry 12-1. It was not improper for Plaintiff to proceed against dismissed defendants in a new case considering that the judge in Case No. 25-cv-2707 concluded that the defendants had been misjoined in the first place.").

---

[5] Pursuant to N.D. Ill. LR 40.4(b), provided certain criteria is met, a case designated as related to an earlier case "may" be reassigned to the calendar of the judge of the earlier case, however, direct assignment to the first judge is not automatic.

In a similar case before the Honorable Judge Tharp, Jr., after the plaintiff filed a notice of voluntary dismissal against all of the defendants,[6] the Court entered an Order advising the plaintiff "that should it seek to reassert the same claim against any of the original defendants in this case, it must file a new case and indicate on the civil coversheet that the case is related to this case." *General Motors LLC v. The P'ships, et al.*, No. 25-cv-14787 (N.D. Ill. Dec. 5, 2025), No. 15.

N.D. Ill. LR 40.3(b)(2) provides that marking a case as "previously dismissed" instead of "related" triggers direct assignment to the judge to whom the first case was assigned. However, plaintiffs in similar cases have been advised against marking cases as "previously dismissed." For example, in a recent case before the Honorable Sunil R. Harjani, a plaintiff filed an amended complaint that named a single store consistent with that Court's case management practice and prior instruction. *See Casio Computer Co., Ltd. v. The Individuals, et al.*, No. 25-cv-10453 (N.D. Ill. Oct. 3, 2025), No. 13. When that plaintiff filed new cases asserting the dropped claims, it designated the previous cases as "previously dismissed" on the civil coversheets. As a result, the new cases were also assigned to Judge Harjani. Judge Harjani noted that the cases were not refilings of "previously dismissed" cases, improperly assigned to Judge Harjani, and directed that the new cases be randomly assigned. *See Casio Computer Co., Ltd. v. The Individuals, et al.*, No. 25-cv-14336 (N.D. Ill. Dec. 5, 2025), No. 18; *Casio Computer Co., Ltd. v. The Individuals, et al.*, No. 25-cv-14379 (N.D. Ill. Dec. 5, 2025), No. 18; *Casio Computer Co., Ltd. v. The Individuals, et al.*, No. 25-cv-14381 (N.D. Ill. Dec. 5, 2025), No. 16. The plaintiff was also "cautioned to ensure this does not happen again."

---

[6] While filing an amended complaint is not the same as dismissing all the defendants, consistent with that Court's view on joinder and case management practices, the plaintiff dismissed all the defendants instead of filing an amended complaint with a subset of defendants. *See Mob Entertainment, Inc. v. The P'ships, et al.*, No. 24-cv-12631 (N.D. Ill. Dec. 19, 2024), No. 28.

11

Plaintiffs recognize that the Court believes that claims should be handled by the Court in which they were originally assigned. Based on current assignment procedures, this is not possible and would preclude Plaintiffs from pursuing the majority of their claims based on each Courts' different discretionary case management procedures. Such an outcome also conflicts with the fact that "[trademark] law imposes on trademark owners the duty to be pro-active and to police the relevant market for infringers." 1 McCarthy on Trademarks and Unfair Competition § 11:91 (5th ed.); *see Gorenstein*, 874 F.2d at 435 ("The owner of a trademark has a duty to ensure the consistency of the trademarked good or service. If he does not fulfill this duty, he forfeits the trademark."). It is appropriate for Plaintiffs to proceed against defendants in a new case to satisfy their duty to protect their intellectual priority rights.

Plaintiffs are operating within the Federal Rules of Civil Procedure, the Local Rules, and have been fully transparent about the prior cases filed. Plaintiffs are also aware of each Courts' views on joinder and have been advised on how to proceed with dropped claims. Accordingly, it is not appropriate to characterize Plaintiffs' good faith actions as an abuse of process.

Dated this 15th day of December 2025.   Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Jennifer V. Nacht
Hannah A. Abes
Greer, Burns & Crain, Ltd.
200 W. Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jnacht@gbc.law
habes@gbc.law

*Counsel for Plaintiffs Marc Jacobs Trademarks, LLC and Marc Jacobs International, LLC*